1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10    WELLS FARGO BANK, et al.,          No.  2:21-cv-01995-JAM-DB

11            Plaintiffs,

12        v.                             **SUA SPONTE ORDER REMANDING
                                         ACTION TO STATE COURT**
13    ATALL SHERZAD and MIZHGAN
      ALAM,
14
              Defendants.
15

16        The undersigned revokes any actual or anticipated referral

17   to a Magistrate Judge for the purposes of Findings and

18   Recommendations in this case.  See E.D. Cal. Local Rule 302(d)

19   ("Notwithstanding any other provision of this Rule, a Judge may

20   retain any matter otherwise routinely referred to a Magistrate

21   Judge.").

22        On October 28, 2021, Defendants Atall Sherzad and Mizhgan

23   Alam filed a Notice of Removal with this Court, seeking to remove

24   an action from San Joaquin County Superior Court.[1]  Notice of

25   Removal, ECF No. 1.  For the following reasons, the Court sua

26   _____

27   [1] Though the Notice of Removal states the case was removed from
     "Superior Court of County of Shasta," the exhibits attached to
     the Notice indicate it was in fact removed from the San Joaquin
28   County Superior Court, not the Shasta County Superior Court.

                                    1

1  sponte REMANDS this case to San Joaquin County Superior Court.

2      Under 28 U.S.C. § 1441(a), a defendant may remove an action

3  to federal court if the district court has original jurisdiction.

4  Hunter v. Phillip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009)

5  (quoting Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th

6  Cir. 2003)).  If at any time before final judgment it appears

7  that the district court lacks subject matter jurisdiction, the

8  case shall be remanded.  28 U.S.C. § 1447(c).  Generally, a

9  defendant seeking to remove an action to federal court must file

10  a notice of removal within thirty days of receiving a copy of the

11  initial pleading.  28 U.S.C. § 1446(b).  The defendant seeking

12  removal of an action to federal court has the burden of

13  establishing federal jurisdiction in the case.  California ex

14  rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

15      Federal courts are courts of limited jurisdiction and lack

16  inherent or general subject matter jurisdiction.  Federal courts

17  can adjudicate only those cases authorized by the United States

18  Constitution and Congress.  Generally, those cases involve

19  diversity of citizenship or a federal question, or cases in which

20  the United States is a party.  Kokkonen v. Guardian Life Ins.

21  Co., 511 U.S. 375 (1994); Finley v. United States, 490 U.S. 545

22  (1989).

23      Here, Defendant is attempting to remove an unlawful detainer

24  action based on federal subject matter jurisdiction.  Notice of

25  Removal at 2-3.  However, the Ninth Circuit has held that the

26  removal statute should be strictly construed in favor of remand

27  and against removal.  Harris v. Bankers Life and Cas. Co., 425

28  F.3d 689, 698 (9th Cir. 2005).  The "strong presumption" against

2

1    removal jurisdiction means that the defendant always has the

2    burden of establishing that removal is proper.  Nishimoto v.

3    Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir.

4    1990); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.

5    1988).  Federal jurisdiction must be rejected if there is any

6    doubt as to the right of removal in the first instance.  Gaus v.

7    Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

8         In determining the presence or absence of federal

9    jurisdiction in removal cases, the "well-pleaded complaint rule"

10   applies, "which provides that federal jurisdiction exists only

11   when a federal question is presented on the face of the

12   plaintiff's properly pleaded complaint."  Caterpillar Inc. v.

13   Williams, 482 U.S. 386, 392 (1987).  Moreover, "it is well

14   established that plaintiff is the 'master of her complaint' and

15   can plead to avoid federal jurisdiction."  Lowdermilk v. U.S.

16   Bank Nat'l Ass'n, 479 F.3d 994, 998-99 (9th Cir. 2007); Metro.

17   Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (citing Gully v.

18   First Nat'l Bank, 299 U.S. 109 (1936)) ("It is long settled law

19   that a cause of action arises under federal law only when the

20   plaintiff's well-pleaded complaint raises issues of federal

21   law.").

22        Plaintiff's complaint raises a single state law claim.  The

23   face of a properly-pled state law unlawful detainer action does

24   not present a federal question.  Therefore, Plaintiff's complaint

25   avoids federal question jurisdiction.  Defendant cannot inject a

26   federal issue by merely referencing the "Protecting Tenants at

27   Foreclosure Act of 2009" in its Notice.  See Notice of Removal at

28   2-3.

3

1      Accordingly, the Court REMANDS this case to San Joaquin

2  County Superior Court for all future proceedings.

3  Dated: October 29, 2021

4

5                          JOHN A. MENDEZ,
                           UNITED STATES DISTRICT JUDGE

4